IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**ROBERT G. MOYA,**

      **Plaintiff,**

vs.

**CITY OF CLOVIS, OFFICER BRENT
AGUILAR, in his individual capacity
and as an employee of the City of Clovis,
SERGEANT JAMES GURULE,
in his individual capacity and as an employee
of the City of Clovis,**

      **Defendants.**

## COMPLAINT

Plaintiff brings this complaint under 42 U.S.C. §1983, the United States Constitution, for damages resulting from the illegal seizure, the use of excessive force against Plaintiff, and for the negligent hiring, training, and supervision of Defendants Aguilar and Gurule by Defendant City of Clovis. For his cause of action, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1.    Jurisdiction and venue are proper in federal court and in New Mexico pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. §1332, 28 U.S.C. §1343, and 28 U.S.C. §1331. Upon information and belief, all parties are residents of Curry County, New Mexico and the acts complained of occurred exclusively within Curry County, New Mexico.

## INTRODUCTORY ALLEGATIONS

2.    This is an action brought pursuant to the provisions of 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendment to the United States Constitution.

3.    Plaintiff Robert Moya, (hereinafter "Plaintiff") is an individual who was at the time of the incident complained of herein a resident of Curry County, New Mexico.

4. Defendant City of Clovis is a local governmental entity organized and existing under the law of the State of New Mexico and is a "person" subject to suit herein. Upon information and belief, the City of Clovis is responsible for the maintenance, operation, management, and control of the Clovis Police Department.

5. The Clovis Police Department is a law enforcement agency operating within Curry County, State of New Mexico, and was at all time material hereto the employer of Defendant Officers Brent Aguilar and James Gurule.

6. Defendant Officer Brent Aguilar (hereinafter "Defendant Aguilar") is a law enforcement officer who was employed by the Clovis Police Department at all times material to this complaint.

7. At all times material to this complaint, Defendant Aguilar was acting within the course and scope of his employment and under color of law.

8. Defendant Officer James Gurule (hereinafter "Defendant Gurule") is a law enforcement officer who was employed by the Clovis Police Department at all times material to this complaint.

9. At all times material to this complaint, Defendant Gurule was acting within the course and scope of his employment and under color of law.

## STATEMENT OF THE CASE

10. On or about May 29, 2017 at approximately 4:30 p.m. Clovis Police Department Detective Adriana Munoz was driving in a residential area of Clovis, New Mexico, when she saw a Hispanic male riding a bicycle down the street.

11. Detective Munoz recognized the Hispanic male, based on previous investigations, as Plaintiff Robert Moya.

12. Detective Munoz called dispatch to see if Plaintiff had any warrant.

13. Detective Munoz learned from dispatch that Plaintiff had a warrant for a misdemeanor probation violation.

14. At no time during this incident did Detective Munoz or any other officer receive information that Plaintiff was armed, violent, or in any other way posed a threat to the officers.

15. Based solely on the knowledge that Plaintiff had an outstanding misdemeanor probation warrant, Detective Munoz turned around her vehicle and activated her emergency equipment.

16. Plaintiff continued to ride to the parking area of an apartment complex, where he got off his bicycle and started to run from Detective Munoz.

17. Detective Munoz called dispatch for assistance in apprehending Plaintiff while she trailed him.

18. Detective Munoz gave chase on foot and soon thereafter, Defendants Gurule and Aguilar and Officer Jeffrey Swinford joined in the pursuit of Plaintiff who was located hiding behind a shed in the backyard of a residence.

19. Defendants' encounter with Plaintiff was recorded by lapel camera being worn by Defendant Aguilar.

20. While multiple officers surrounded the area in which he was hiding, Defendants Gurule and Aguilar gave Plaintiff commands to come out with his hands up or they would release Defendant Aguilar's police canine, Leo.

21. Defendant Aguilar yelled out that if Leo found Plaintiff, he would bite him.

22. After receiving the Defendants' commands, Plaintiff walked out from behind the shed and began to go down to the ground.

23. Although Leo had already "found" Plaintiff, Defendant Aguilar released the dog entirely, allowing him to run free without issuing verbal commands or maintaining control of him.

24. When Plaintiff saw Leo quickly approaching in an aggressive and violent manner, Plaintiff ran away from Leo by jumping over a fence into the next backyard.

25. Officer Swinford, who was positioned in the in the front driveway of the house to which Plaintiff had run, spotted Plaintiff in the backyard of the house and immediately ordered him to stop.

26. Plaintiff complied with Officer Swinford by stopping, facing the officer with his hands up, and following the officer's order to drop to his knees.

27. As Plaintiff dropped to his knees in surrender, Leo, who was still running free without verbal control by Defendant Aguilar, seized Plaintiff by biting his head and latching tightly onto Plaintiff's upper arm with his jaw.

28. Defendant Aguilar was separated from Leo by a cinder block wall and was not in the same backyard with him when the dog viciously seized and attacked Plaintiff.

29. Defendant Gurule failed to intervene and stop the excessive force used by Officer Aguilar through canine Leo.

30. During the entire encounter with law enforcement, Plaintiff did not threaten by words or actions the safety of the officers or anyone else.

31. During the entire encounter with law enforcement, Plaintiff was unarmed and gave officers no reason to believe that he was armed.

32. The release of Leo and Defendant Aguilar's failure to control him served no lawful purpose, was sadistic, and caused Plaintiff severe permanent injury.

33. After the attack, Plaintiff was brought to the emergency room for medical treatment.

34. Plaintiff suffered physical injuries, including a serious wound to his arm, resulting in nerve damage and loss of muscle tissue due to the unreasonable and unnecessary force thrust upon his person by the canine attack.

## FEDERAL CONSTITUTIONAL CLAIMS

### COUNT I – FOURTH AMENDMENT CLAIM FOR UNREASONABLE SEIZURE
### (AGAINST ALL NAMED OFFICERS)

35. Plaintiff realleges and reasserts all prior paragraphs of this complaint as though fully set forth herein.

36. Plaintiff has a Fourth Amendment right to be free of unreasonable seizure.

37. Defendants violated Plaintiff's Fourth Amendment right to be free from unreasonable seizures.

38. As a direct and proximate result of the Defendants' conduct set forth herein, Plaintiff suffered physical injury, permanent physical impairment, mental distress and emotional suffering.

39. Defendants' conduct was willful, wanton, malicious, and in utter disregard and indifference for Plaintiff's legal rights, warranting imposition of punitive damages.

40. Pursuant to 42 U.S.C. §1988, Plaintiff are entitled to ask the court for reasonable attorneys' fees and litigation expenses if Plaintiff prevails.

### COUNT II – FOURTH AMENDMENT CLAIM FOR EXCESSIVE AND UNNECESSARY USE OF FORCE
### (AGAINST ALL NAMED OFFICERS)

41. Plaintiff realleges and reasserts all prior paragraphs of this complaint as though fully set for the herein.

42. Plaintiff has a Fourth Amendment right to be free of excessive and unnecessary force.

43. Defendants violated Plaintiff's Fourth Amendment right to be free from excessive and unnecessary force by allowing canine Leo to physically attack and abuse Plaintiff when Plaintiff posed no threat.

44. Defendant Gurule failed to intervene and did not take reasonable steps to protect Plaintiff from the objectively unreasonable use of force of Defendant Aguilar, despite being in a position to do so.

45. Defendant Gurule is liable for the damages resulting from the objectively unreasonable force used by Defendant Aguilar.

46. As a direct and proximate result of Defendants' conduct as set forth herein, Plaintiff suffered physical injury, permanent physical impairment, and mental and emotional suffering.

47. Defendants' conduct was willful, wanton, malicious, and in utter disregard and indifference for Plaintiff's legal rights, warranting imposition of punitive damages.

48. Pursuant to 42 U.S.C. §1988, Plaintiff is entitled to ask the court for reasonable attorney's fees and litigation expenses if Plaintiff prevails.

### COUNT III – *MONELL* CLAIM OF MUNICIPAL LIABILITY FOR CONSITUTIONAL VIOLATION (CITY OF CLOVIS)

49. Plaintiff realleges and reasserts all prior paragraphs of this complaint as though fully set forth herein.

50. Prior to May 29, 2015, the City of Clovis and the Clovis Police Department developed and maintained polices or customs exhibiting deliberate indifference to the

constitutional rights of persons in Clovis, New Mexico, which caused the violation of Plaintiff's rights.

51.     The violation of Plaintiff's rights by Defendants illustrates that it was the policy and/or custom of the City of Clovis and the Clovis Police Department to inadequately supervise and train its officers, including Defendants, thereby failing to adequately discourage constitutional violations on the part of its officers.

52.     This policy and/or custom of the City of Clovis and the Clovis Police Department demonstrated a deliberate indifference on the part of the policymakers of the City of Clovis and the Clovis Police Department to the constitutional rights of persons within the City and were the cause of the violations of the Plaintiff's rights alleged herein.

WHEREFORE, Plaintiff requests compensatory damages and punitive damages under federal law claims against the Defendant City of Clovis, the individual Defendants in their individual capacities and as employees of Defendant City of Clovis, and reasonable costs and attorneys' fees incurred in bringing this action.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

> Respectfully submitted,
> LAW OFFICE OF SUSAN PORTER
>
> /s/ *Susan M. Porter*
> Susan M. Porter
> *Attorney for Plaintiff*
> 908 Lomas Blvd. NW
> Albuquerque, NM  87102
> Phone:  (505) 312-7742
> Fax:      (651) 602-3655

LAW OFFICE OF JENNIFER J. WERNERSBACH, P.C

*/s/ Jennifer J. Wernersbach*
Jennifer J. Wernersbach
*Attorney for Plaintiff*
925 Luna Circle NW
Albuquerque, NM 87102
Phone:   (505) 363-4599
Fax:      (505) 212-0281