IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT G. MOYA,

      Plaintiff,

v.                                                                  No. 2:18-cv-00494-GBW-KRS

CITY OF CLOVIS, and OFFICER BRENT
AGUILAR and SARGENT JAMES GURULE,
in their individual capacities and as employees
of the City of Clovis,

      Defendants.

## ORDER DENYING MOTION TO QUASH

**THIS MATTER** comes before the Court on Plaintiff's motion to quash. (Doc. 50). Plaintiff asks the Court to quash the deposition of Defendant Aguilar, set for less than one business day away, because his lawyers do not have Aguilar's personnel file. (*Id.*). In a separate motion to compel (Doc. 49), the parties dispute whether the file is, in fact, discoverable. That motion is not fully briefed. From what the Court can discern, Defendants want to preserve Aguilar's testimony before he permanently moves to Afghanistan. Plaintiff says he is not prepared to cross examine Aguilar during the deposition without the file. Defendants have not had the opportunity to respond to Plaintiff's motion to quash. Because Aguilar's deposition is Monday, July 22, 2019, the need for guidance and clarification now is paramount. Having considered Plaintiff's motion, the Court concludes Aguilar's deposition should proceed.[1]

The Court recognizes Plaintiff's difficult position. There is a colorable argument that Aguilar's personnel file, or at least some portion of it, is discoverable. *See*, *e.g.*, *Mason v. Stock*, 869 F. Supp. 828, 833 (D. Kan. 1994) (explaining that "officers have constitutionally-based

---

[1] In correspondence with the parties, the Court initially contemplated having a status conference today to discuss the matter and give guidance after Plaintiff filed the instant motion and Defendants had an opportunity to review the motion. Because the Court is out of the office and not able to ensure cellphone coverage reliable enough for the contemplated telephonic conference and because the timing of matter is critical, the Court determines the best method of providing guidance to the parties is by written order.

1

privacy interests in personal matters contained within their police files" but the "privacy interests of police officers in personnel records should be especially limited"). Plaintiff's complaint alleges, *inter alia*, a cause of action for municipal liability that the City of Clovis failed to adequately train and supervise its officers resulting in a constitutional deprivation. *See Monell v. Department of Social Services*, 436 U.S. 658, 690-91 (1978). But to make out this type of *Monell* claim, a plaintiff typically must come forward with past incidents of, say, excessive force to show a pattern that would put the City on notice of need for better or additional training and supervision. *See Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998).

Aguilar's personnel file could be material to Plaintiff's municipal liability claim to document past incidents and investigations. If discoverable, Plaintiff would be at a disadvantage in deposing Aguilar. The remedy, however, is not to delay the deposition, especially since Aguilar's departure is imminent. It is to depose Aguilar with the available information and do the best job possible within the existing constraints. In ruling on the motion to compel, the Court will reopen Aguilar's deposition if appropriate and permit Plaintiff to fully question Aguilar on his personnel file or whatever portions are discoverable. There will also be later opportunities to assess whether Aguilar's deposition is adequate for use at trial in lieu of live testimony. Although Aguilar may leave the country, he is bound to participate in discovery. The Court will not assume he will shirk his responsibilities. In any event, Aguilar's duty to engage in the litigation is enforceable under the Federal Rules of Civil Procedure and the Court's inherent authority.

**IT IS, THEREFORE, ORDERED** that Plaintiff's motion to quash (Doc. 50) is **DENIED**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE