IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT G. MOYA,

    Plaintiff,

v.                                                 Civ. No. 18-494 GBW/KRS

CITY OF CLOVIS, *et al.*,

    Defendants.

## **ORDER GRANTING DEFENDANTS' MOTION TO TAX COSTS**

THIS MATTER comes before the Court on Defendants' Motion to Tax Costs and Cost Bill. *Doc. 72*. Having reviewed the relevant documents and party pleadings, the Court issues the following Order awarding taxable costs in the requested amount of $7,663.75.

### I.    PROCEDURAL POSTURE AND JURISDICTION

On November 22, 2019, the Court granted Defendants' Motion for Summary Judgment, dismissing Plaintiff's claims. *Docs. 70, 71*. On December 20, 2019, Defendants filed the instant motion. *Doc. 72*. On January 6, Plaintiff filed a *pro se* Notice of Appeal. *Doc. 76*. "Although filing notice of appeal generally divests the district court of jurisdiction over the issues on appeal,[1] the district court retains jurisdiction over collateral matters not involved in the appeal." *Lancaster v. Indep. Sch. Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir. 1998) (internal citations and quotation marks omitted).

---

[1] This proposition presumes the sufficiency of Plaintiff's Notice of Appeal. The Court notes that Plaintiff has been ordered to cure deficiency related to the Notice of Appeal. *See doc. 78*.

Motions for fees and costs are considered collateral matters over which the district court retains jurisdiction. S*ee Smith v. Phillips*, 881 F.2d 902, 905 n.9 (10th Cir. 1989) ("Even after an appeal has been taken the district court may consider applications for attorneys' fees because they are considered wholly collateral to the merits . . . ."); *Dataq, Inc. v. Tokheim Corp.*, 736 F.2d 601, 606 (10th Cir. 1984) (rejecting the defendant's argument that a notice of appeal divested the district court of jurisdiction to consider a motion for costs following judgment). Accordingly, this Court possesses jurisdiction to address the present motion.

II. **ANALYSIS**

Rule 54 of the Federal Rules of Civil Procedure states that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Local Rules further specify the types of taxable costs which a party may seek to recover by motion. *See* D.N.M.LR-Civ. 54.2. This Court maintains discretion under Rule 54 regarding whether to award costs and at what amount. *Mountain Highlands, LLC v. Hendricks*, No. CIV 08-0239 JB/ACT, 2010 WL 1631856, at *12 (D.N.M. Apr. 2, 2010) (citing *Energy Mgmt. Corp. v. City of Shreveport*, 467 F.3d 471, 483 (5th Cir. 2006)). However, there is a strong presumption that taxable costs will be awarded to the prevailing party, and a district court must identify reasons justifying any denial. *See Rodriguez v. Whiting Farms, Inc.*, 360 F.3d 1180, 1190 (10th Cir. 2004); *Klein v. Grynberg*, 44 F.3d 1497, 1507 (10th Cir. 1995).

Plaintiff's response to the motion was due on January 3, 2020. None was filed. "The failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M.LR-Civ. 7.1(b).[2] Given Plaintiff's failure to respond and the apparent appropriateness of the costs sought by Defendants, the motion is GRANTED.

III. CONCLUSION

For the foregoing reasons, the Court awards Defendants with taxation of costs quantified at $7,663.75. That amount is due and payable by Plaintiff immediately.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**

---

[2] While it appears that Plaintiff may be proceeding *pro se* on his appeal, he was still represented by counsel as of the date the response came due.